Matter of Jeang (2026 NY Slip Op 01285)

Matter of Jeang

2026 NY Slip Op 01285

Decided on March 05, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
Barbara R. Kapnick Lizbeth González John R. Higgitt Kelly O''Neill Levy
Justices.
 Motion No. 2025-06792 Case No.2025-07978
 In the Matter of Evie P. Jeang
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Evie P. Jeang (OCA Atty. Reg. No. 4257267)
Respondent.

Motion No. 2025-06792|Case No. 2025-07978|

[*1]In the Matter of Evie P. Jeang, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Evie P. Jeang (OCA Atty. Reg. No. 4257267), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Evie P. Jeang, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 9, 2004.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Roy E. Chon, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Evie P. Jeang was admitted to the practice of law in the State of New York by the First Judicial Department on September 9, 2004. Respondent maintains a registered address in California.
By order entered October 7, 2024, the Supreme Court of California disbarred respondent for a pattern of misconduct that included willful misappropriation of escrow funds, falsifying bank records, and submitting falsified evidence and making false statements to the court.
By motion dated December 4, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing her to demonstrate why discipline should not be imposed in New York for the misconduct underlying her discipline in California, disbarring respondent, or, alternatively, sanctioning respondent as the Court deems just and proper under the circumstances.
On May 29, 2024, respondent, represented by counsel, entered into a stipulation with Counsel for the State Bar of California in which she pleaded nolo contendre to 13 counts of professional misconduct, including knowing and intentional misappropriation of over $4 million in escrow funds. Respondent acknowledged that her "plea[] [of] nolo contendre to the charges set forth in th[e] stipulation [was] considered the same as an admission of culpability ."
Respondent represented the husband in a divorce action. On August 6, 2015, the court entered an order, pursuant to the parties' stipulation, directing that the proceeds from the sale of the parties' residential property be held in respondent's escrow account and that "such funds shall not be released without the written agreement of the parties together with their attorneys (if any), and/or further order of the court" with certain exceptions, namely: $100,000 to each of the parties as a "pre-distribution of property"; $35,000 to each of the parties' attorneys; and approximately $200,000 to pay the parties' tax debts. Between September and November 2015, $4,831,125.73 in net sale proceeds were wired into respondent's escrow account.
Between September 28, 2015 and May 8, 2017, respondent made several withdrawals and issued payments from her escrow account unrelated to the divorce proceeding and in violation of the California court's August 6, 2015 order. At that time, neither party had received any distribution payments from the escrow funds, the parties' tax debts had not been paid, and no funds had been disbursed to pay the wife's attorneys' fees.
In October 2017, respondent finally issued a check in the amount of $250,079.35 from her escrow account to pay the parties' tax debts as permitted by the August 6, 2015 court order.
In October 2021, the wife retained new counsel who brought a legal proceeding for a court order directing respondent to provide an accounting of the escrow funds and to transfer them to the wife's counsel's escrow account. In response, respondent sent the wife's counsel a falsified bank statement which falsely represented that the balance in her escrow account, as of September 30, 2021, was $4,557,046.38. Respondent also filed a declaration with the court in opposition to the wife's counsel's application to which she attached a copy of the falsified bank statement. On February 8, 2022, the court held a hearing on the matter at which respondent appeared on behalf of herself and her client, the husband. Immediately after the hearing, the court issued an order directing respondent to transfer the escrow funds to the wife's counsel and to provide an accounting to him. Late in the afternoon after the hearing had concluded, respondent filed a preemptory challenge to disqualify the judge in which she falsely stated that she had orally made such challenge at the hearing but had not been heard or was disregarded by the court. The court denied respondent's preemptory challenge as untimely. Respondent unsuccessfully appealed in which she repeated her false statement that she had verbally raised a preemptory challenge at the hearing before the lower court.
Also, in a February 22, 2022 letter to the wife's counsel, respondent made additional false statements as to the amount she held in her escrow account, and as to payments she had allegedly made out of the escrow funds.
Respondent did not provide the accounting, nor did she transfer the escrow funds to the wife's counsel, as directed by the February 8, 2022 order. In March 2022, pursuant to a court order, respondent's bank wired the $1,999,750.16 balance of her escrow account into the wife's counsel's escrow account, at which point the wife's counsel realized that respondent had failed to keep the escrow funds intact and reported her to the California State Bar.
In November 2022, the wife brought a civil action against respondent and her law firm based on respondent's misappropriation and/or conversion of the escrow funds. Following a November 16, 2023 bench trial, the court found that respondent had committed fraud and malfeasance in connection with her handling of the parties' escrow funds and ordered that she pay $4,429,077.80, with daily interest of $693.51 accruing as of that date. On December 26, 2023, the order was reduced to a final judgment and served on respondent who unsuccessfully appealed.
Respondent admitted that her conduct as described above constituted professional misconduct in willful violation of California Rules of Professional Conduct, former rule 4-100(A) and current rule 1.5(a), and that she knowingly and intentionally misappropriated the escrow funds in violation of CA BPC §§ 6106 and 6103.
In addition, respondent submitted a falsified bank statement, and made false statements in connection therewith to the court and the wife's counsel, in violation of CA BPC §§ 6068(d) and 6106, and she failed to pay her client's capital gains tax obligation from the escrow funds, failed to provide the wife's counsel with an accurate accounting of the escrow funds, and failed to transfer the escrow funds to the wife's counsel as directed by court order, in violation of CA BPC § 6103 and CA RPC 1.15(d)(4).
Respondent also made false statements to the wife's counsel in her February 22, 2022 letter regarding the balance of the escrow funds and payments she purportedly made therefrom in violation of CA BPC § 6106; she falsely stated in a written declaration submitted to the court that she had previously made a verbal preemptory challenge before the court, and repeated that false statement on appeal, in violation of CA BPC §§ 6068(d) and 6106; and failed to report to the CA State Bar in writing the wife's December 26, 2023 judgment against her in violation of CA BPC § 6068(o)(2).
The parties stipulated to the following aggravation: multiple acts of wrongdoing, significant harm to the client and the administration of justice, and failure to make restitution. They also stipulated to the following mitigation: absence of prior discipline (given minimal weight due to, inter alia, the significant sum misappropriated, multiple acts of dishonesty, and violation of court orders), community service, and by entering into the stipulation and pleading nolo contendre respondent was entitled to limited mitigation for her cooperation and saving the State Bar significant time and resources. Respondent agreed to pay $2,496,296.22 in restitution, plus interest. The parties agreed that disbarment was the appropriate sanction for respondent's misconduct.
On June 18, 2024, a judge approved the stipulation and recommended that the Supreme Court of California affirm it in full, including the recommendation of disbarment. By order entered October 7, 2024, the Supreme Court of California disbarred respondent and directed her to make restitution as set forth in the stipulation.
The AGC states that respondent failed to notify it of her disbarment in California as required by 22 NYCRR 1240.13(d) and there is no indication that she notified the Court. The AGC learned of respondent's disbarment from a September 8, 2025 complaint which alleged that respondent had not made financial restitution as directed by the Supreme Court of California's disbarment order.
In a proceeding seeking reciprocal discipline, as here, pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process, (2) an infirmity of proof establishing the misconduct, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
On December 14, 2025, an AGC process server personally served respondent with the motion at her residence in California but she has not submitted a response.
Notwithstanding that respondent has not appeared and asserted any of the defenses to reciprocal discipline, none are available to her because she received notice of the charges against her and, represented by counsel, chose to plead nolo contendre, and the charges are fully supported by the detailed factual recitations in the stipulation. Further, respondent's misconduct in California would violate New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a), 1.15(b)(1), 1.15(c)(3), 1.15(c)(4), 3.3(a)(1), 3.3(a)(3), 3.4(a)(3), 3.4(a)(4), 3.4(a)(5), 3.4(c), 4.1, 8.4(c), 8.4(d), and 8.4(h). Therefore, this Court will impose reciprocal discipline (22 NYCRR 1240.13[c]).
As to the appropriate sanction, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will we depart from our general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
In this case, disbarment, as requested by the AGC, is the appropriate sanction, as respondent was found guilty of, inter alia, intentional conversion of client and third party funds for which we have consistently imposed the sanction of disbarment absent extremely unusual mitigating circumstances, of which there is no evidence in the case at bar (see e.g. Matter of Carlos, 192 AD3d 170, 172 [1st Dept 2021]; see also Matter of Karambelas, 203 AD3d 75 [1st Dept 2022]; Matter of Blumenthal, 165 AD3d at 86-87; Matter of Desir, 163 AD3d 52 [1st Dept 2018]; Matter of Frants, 160 AD3d 171 [1st Dept 2018]).
Accordingly, the motion should be granted, respondent disbarred, and her name stricken from the roll of attorneys and counselors at law in the State of New York, effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Evie P. Jeang, is disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Evie P. Jeang, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Evie P. Jeang, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Evie P. Jeang, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 05, 2026